CURT DRAEGER,
on behalf of himself and
all others similarly situated,

Case No. 19-cv-1880

       Plaintiff,

v.

**COLLECTIVE AND CLASS
ACTION PURSUANT TO
29 U.S.C. §216(b) AND
AND FED. R. CIV. P. 23**

GUARDIAN PEST SOLUTIONS, INC.
3131 Halvor Lane
Superior, Wisconsin 54880

**JURY TRIAL DEMANDED**

       Defendant

# COMPLAINT

## PRELIMINARY STATEMENT

1.　　This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Curt Draeger, against Defendant, Guardian Pest Solutions, Inc.

2.　　Plaintiff bring these FLSA and WWPCL claims and causes of action against Defendant on behalf of himself and all other similarly-situated current and former Service Specialist employees of Defendant for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprived current and former Service Specialist employees of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek. Specifically, Defendant's unlawful compensation system failed to: (1) compensate Service Specialist employees with overtime pay for hours worked in excess of forty (40) hours in a workweek by improperly classifying said employees as "exempt" for compensation purposes under the FLSA and WWPCL; and (2) include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in all Service Specialists' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

4.     Defendant's deliberate failure to compensate its hourly-paid, non-exempt employees for hours worked at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business, and has substantial and systematic contacts, in this District.

## PARTIES AND COVERAGE

8.     Plaintiff, Curt Draeger, is an adult male resident of the State of Wisconsin with a post office address of N4739 12 Corners Road, Black Creek, Wisconsin 54160.

9.     Defendant, Guardian Pest Solutions, Inc., was, at all material times herein, a Wisconsin entity with a principal address of 5631 West Drive, Manitowoc, Wisconsin 54220.

10.     Defendant is a pest control company.

11.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant operated its business throughout the Midwest, including in the State of Wisconsin from its corporate headquarters, located at 3131 Halvor Lane, Superior, Wisconsin 54880.

12.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14.     During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

15.     During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

16. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

17. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

18. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

19. Plaintiff brings this action on behalf of himself and all other similarly-situated current and former Service Specialist employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other Service Specialist employees were subjected to Defendant's same unlawful policies as enumerated herein and performed similar job duties with employed by Defendant.

20. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former Service Specialist employees on whose behalf Plaintiff brings this Complaint performed compensable work on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge throughout the Midwest, including in the State of Wisconsin.

21. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other Service Specialist employees' day-to-day activities.

22. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiff and all other Service Specialist employees.

23.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other Service Specialist employees.

24.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other Service Specialist employees' work schedules and provided Plaintiff and all other Service Specialist employees with work assignments and hours of work.

25.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other Service Specialist employees abided in the workplace.

26.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other Service Specialist employees' employment-related questions, benefits-related questions, and workplace issues.

27.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other Service Specialist employees for hours worked and/or work performed, including with additional forms of compensation, such as monetary bonuses, commissions, incentives, and/or other rewards and payments.

## GENERAL ALLEGATIONS

28.     In approximately July 2019, Defendant hired Plaintiff as a Service Specialist employee.

29.     During Plaintiff's employment with Defendant, Plaintiff performed compensable work in the position of Service Specialist on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction in the State of Wisconsin.

30.     In December 2019, Plaintiff's employment with Defendant ended.

31.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists performed compensable work for Defendant's commercial and residential clients as part of Defendant's "pest management" services.

32.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Service Specialists' primary job duty was to perform manual labor.

33.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Service Specialists' primary job duty was to physically perform pest control, or "pest management," services (e.g., spraying chemicals, laying traps to exterminate insects and rodents, and performing inspective services) at residential and/or commercial properties.

34.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Service Specialists' primary job duty was not sales.

35.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists physically performed their job duties outside, off-site, and away from Defendant's offices and places of business.

36. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists worked in excess of forty (40) hours per workweek.

37. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had knowledge and/or was aware that Plaintiff and all other Service Specialists worked in excess of forty (40) hours per workweek.

38. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and upon information and belief, Defendant did not have an established workweek for FLSA purposes.

39. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other Service Specialists with a pre-determined salary on bi-weekly basis via check.

40. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other Service Specialists with, in addition to their bi-weekly salary, commission-based or production-based compensation on a bi-weekly, monthly, and/or ad hoc basis.

41. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the commission-based or production-based compensation that Defendant provided to Plaintiff and all other Service Specialists were non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and all other Service Specialists to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

42.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the commission-based or production-based compensation that Defendant paid to Plaintiff and all other Service Specialists did not exceed at least half of Plaintiff's and all other Service Specialists' total earnings in a representative period.

43.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not establish a "representative period," as that phrase is used in the FLSA and WWPCL, relating to commission-based or production-based compensation remunerated to Plaintiff and all other Service Specialists.

44.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists primarily performed "non-exempt" job duties each workweek while employed by Defendant. Despite this, Defendant's compensation classification of Plaintiff and all other Service Specialists was "exempt" for purposes of the FLSA and WWPCL.

45.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other Service Specialists.

46.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other Service Specialists for all remuneration earned.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not track, record, or otherwise maintain Plaintiff's and all other Service Specialists' actual hours worked each work day and/or each workweek.

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not require or direct Plaintiff and all other Service Specialists to track or record their actual hours worked each work day and/or each workweek.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former Service Specialists were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of failing to: (1) compensate Service Specialists with overtime pay for hours worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL; and (2) include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in all Service Specialists' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

50.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists performed their job duties at the direction of Defendant: they were given specific instructions as to how to perform their job duties and/or they performed their job duties within the prescribed procedures and/or limits established by Defendant.

51.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists did not customarily and regularly direct the work of at least two of Defendant's employees.

52.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), no employees of Defendant reported directly to Plaintiff or any other Service Specialists.

53. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists did not have the authority or ability to hire, terminate, suspend, demote, or promote Defendant's employees or to establish the terms and conditions of employment of Defendant's employees.

54. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists did not customarily and regularly exercise discretion or independent judgment in the performance of their job duties.

55. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists did not, in the performance of their job duties, compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

56. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists did not, in the performance of their job duties, have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

57. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Service Specialists' job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

58. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Service Specialists' job duties did not require them to perform specialized or technical work and did not require them to have special training, experience, and/or knowledge.

59. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Service Specialists were not highly compensated or highly commissioned employees.

60. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Service Specialists employed by Defendant were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

61. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other Service Specialists at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

62. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices as described herein resulted in Plaintiff and all other Service Specialists being deprived of overtime pay for all hours worked in excess of forty (40) in a workweek.

63. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other Service Specialists at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

64.    Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> All current and former Service Specialist employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

65.    Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

66.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to compensate Plaintiff and the FLSA Collective with overtime pay for all hours worked in excess of forty (40) in a workweek.

67.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in Plaintiff's and the FLSA Collective's regular rates of pay for overtime calculation and compensation purposes during workweeks when Plaintiff and the FLSA Collective worked more than forty (40) hours during the representative time period.

68.    Defendant's deliberate failure to properly compensate Plaintiff and the FLSA Collective in such a fashion as described in the aforementioned paragraphs violated federal law as set forth in the FLSA.

69.     Defendant's unlawful pay practices as described herein failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

70.     Defendant was or should have been aware that its unlawful pay practices as described in the aforementioned paragraphs failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

71.     Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

72.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

73.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practices of failing to compensate Plaintiff and the FLSA Collective with overtime pay for all hours worked in excess of forty (40) in a workweek and failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime compensation and calculation purposes.

74. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

75. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

76. Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All current and former Service Specialist employees employed by Defendant in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

77. The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each Wisconsin Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

78. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the

parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

79.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

80.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

81.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

82. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

83. Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

84. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (a) Whether the Wisconsin Class primarily performed non-exempt job

duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek; (b) Whether Defendant maintained an unlawful compensation system that failed to include forms of non-discretionary compensation in current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes; and (c) The nature and extent of class-wide injury and the measure of damages for the injury.

85.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime**
**<u>(Plaintiff on behalf of himself and the FLSA Collective)</u>**

86.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

87.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

88.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

89.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

90.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

91.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour worked in excess of forty (40) hours each workweek because Defendant's unlawful policy and/or practice classified Plaintiff and the FLSA Collective as "exempt" for compensation purposes.

92.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in Plaintiff's and the FLSA Collective's regular rates of pay for overtime calculation purposes.

93.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

94.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

95.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective with overtime pay willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime

premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

96.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

97.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

98.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Overtime
### (Plaintiff, on behalf of himself and the Wisconsin Class)

99.     Plaintiff, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

100.     At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

101.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

102.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

103.     Defendant violated the WWPCL by failing to account for and compensate Plaintiff and the Wisconsin Class for overtime premium pay for each hour worked in excess of forty (40) hours each workweek because Defendant's unlawful policy and/or practice classified Plaintiff and the Wisconsin Class as "exempt" for compensation purposes.

104.     Defendant violated the WWPCL by failing to account for and compensate Plaintiff and the Wisconsin Class for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in Plaintiff's and the Wisconsin Class' regular rates of pay for overtime calculation purposes.

105.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

106.     Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin's Wage Payment and Collection Laws.

107.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid

compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

108. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated Service Specialist employees employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Service Specialist employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Service Specialist employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated Service Specialist employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated Service Specialist employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 23rd day of December, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
dpotteiger@walcheskeluzi.com
sluzi@walcheskeluzi.com